# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 4:19-CR-00239-ALM |
| v. | § |
| | § |
| | § |
| DAMIAN BARTLETT, | § |
| | § |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 16, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Damian Bartlett. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 19 and a criminal history category of IV, was 46 to 57 months. The offense carried a maximum imprisonment term of 10 years. On July 8, 2020, District Judge Richard Schell sentenced Defendant to 57 months imprisonment followed by three years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, earn a high school equivalency certificate, and a $100 special assessment fee. On February 29, 2024, the court granted Defendant's motion to reduce sentence, reducing his criminal history category to III and his sentence to 46 months. On March 11, 2024, Defendant completed his term of imprisonment and began service of his term of supervision.

1

Under the terms of supervised release, Defendant was required to live at a place approved by the probation officer. In Allegation 1 of its petition, the government alleges that Defendant violated the conditions of his supervised release when he changed residence without notifying the probation officer on November 21, 2024. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by changing residence without notifying the probation officer, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 5 months imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 5 months imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 17th day of December, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE